Laura V. v Catamount Dev. Corp. (2019 NY Slip Op 00225)





Laura V. v Catamount Dev. Corp.


2019 NY Slip Op 00225


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8098 158102/13

[*1]Laura V., etc., et al., Plaintiffs-Respondents,
v
Catamount Development Corporation, et al., Defendants-Appellants.


Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered February 9, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion to the extent of dismissing the complaint as against the individual defendants, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Defendants Catamount Development Corporation and Catamount Ski Area (collectively Catamount) failed to establish entitlement to judgment as a matter of law on the basis that the doctrine of assumption of the risk bars plaintiffs' claims (see Maddox v City of New York, 66 NY2d 270, 279 [1985]; Rigano v Coram Bus Serv., 226 AD2d 274, 275 [1st Dept 1996]). Although infant plaintiff's ski instructor at the time of the accident testified that infant plaintiff fell out of the chairlift after she suddenly propelled herself out of the chair, infant plaintiff testified that the incident happened after she was accidently pushed off the lift (see Hope v Holiday Mtn. Corp., 123 AD3d 1274, 1275-1276 [3d Dept 2014]; de Lacy v Catamount Dev. Corp., 302 AD2d 735 [3d Dept 2003]). The conflicting testimony as to how the accident occurred precludes granting Catamount's motion for summary judgment (see Nyala C. v Miniventures Child Care Dev. Ctr., Inc., 133 AD3d 467 [1st Dept 2015]).
However, dismissal of the complaint as against the individual defendants is warranted. That portion of defendants' motion was unopposed by plaintiffs, and there is no evidence that the individual defendants personally participated in any malfeasance or misfeasance constituting an affirmative tortious act that proximately caused infant plaintiff's injuries (see Palomo v 175th St. Realty Corp., 101 AD3d 579 [1st Dept 2012]).
We have considered Catamount's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK